Robert M. Tzall
Nevada State Bar No. 13412
Contemporary Legal Solutions
2551 North Green Valley Parkway
Building C, Suite 303,
Henderson, NV 89014
Tel: 702-666-0233
office@contemporarylegalsolutions.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| EDWARD SCHALLER, | Docket No. 2:21-cv-1021 |
| Plaintiff, | **COMPLAINT** |
| vs. | DEMAND FOR JURY TRIAL |
| EXPERIAN INFORMATION SOLUTIONS, INC., COMENITY CAPITAL BANK, | |
| Defendant(s). | |

## **COMPLAINT**

Plaintiff Edward Schaller ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Experian Information Solutions, Inc., ("Experian") and Defendant Comenity Capital Bank ("Comenity Bank") respectfully sets forth, complains, and alleges, upon information and belief, the following:

## **JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Nevada, Clark County.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is an Ohio corporation registered to do business in the State of Nevada, and may be served with process upon CT Corporation System, its registered agent for service of process at 701 S. Carson St, Suite 200, Carson City, Nevada 89701.

7. At all times material here to Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d to third parties.

8. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Defendant Comenity Capital Bank is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, with an address at 12921 S Vista Station Blvd, Ste 400, Draper, UT, 84020.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Comenity Bank Dispute and Violation

11. On information and belief, on a date better known to Defendant Experian, Experian prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to his Comenity Bank account, (account 54667600xxxx).

12. The inaccurate information furnished by Defendant Comenity Bank and published by Experian is inaccurate since the account contains an incorrect payment status.

13. Specifically, Experian reports the payment status on this tradeline as "30 days past due". To the contrary, this tradeline was closed with a zero balance, therefore, the payment status cannot be listed as 30 days past due.

14. The pay status is of significance. Listing a debt with a $0 balance owed, as 30 days past due is nonsensical. If no balance is owed, the consumer cannot be late paying that balance. By continuing to report the account in this fashion, lenders believe the consumer is currently late, negatively reflecting on the consumers credit worthiness by impacting the credit score negatively.

15. Experian has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

16. Plaintiff notified Experian that he disputed the accuracy of the information Experian was reporting, on or around November 20, 2020, specifically stating in the letter sent to Experian that he was disputing the reporting of the Comenity Bank tradeline.

17. It is believed and therefore averred that Experian notified Defendant Comenity Bank of the Plaintiff's dispute.

18. Upon receipt of the dispute of the account from Plaintiff by Experian, Comenity Bank failed to conduct a reasonable investigation and continued to report false and inaccurate, adverse information on the consumer report of Plaintiff with respect to the disputed account.

19. Had Comenity Bank done a reasonable investigation, it would have been revealed to Comenity Bank that the payment status was being inaccurately reported.

20. Despite the dispute by Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, Experian did not evaluate or consider any of the information, claims, or evidence of Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

21. Experian violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

22. Had Experian done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Experian that the payment status was being reported inaccurately.

23. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

24. As of the date of the filing of this Complaint, Defendant Comenity Bank continues to furnish credit data which is inaccurate and materially misleading, and Experian's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

25. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

26. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file and a chilling effect on future applications for credit.

## FIRST CAUSE OF ACTION

### (Willful Violation of the FCRA as to Experian)

27. Plaintiff incorporates by reference paragraphs 1-26 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

28. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

29. Experian violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

30. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Experian had notice was unsubstantiated;

e) The continual placement of unsubstantiated information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was unsubstantiated;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information being reported;

g) The failure to promptly delete information that was found to be unsubstantiated, or could not be verified, or that the source of information had advised Experian to delete; and

h) The failure to take adequate steps to verify information Experian had reason to believe was unsubstantiated before including it in the credit report of the consumer.

31. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

32. The conduct, action and inaction of Experian was willful, rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

33. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Edward Schaller, an individual, demands judgement in his favor against Defendant Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Experian)

34. Plaintiff incorporates by reference paragraphs 1-26 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

35. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

36. Experian violated 15 U.S.C. § 1681i(a) by failing to delete unsubstantiated information from the credit fil of the Plaintiff after receiving actual notice of such inaccuracies with which to verify the disputed information in the credit file of the Plaintiff.

37. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Experian had notice was unsubstantiated;

e) The continual placement of unsubstantiated information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was unsubstantiated;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be unsubstantiated, or could not be verified, or that the source of information had advised Experian to delete; and

h) The failure to take adequate steps to verify information Experian had reason to believe was unsubstantiated before including it in the credit report of the consumer.

38. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

39. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

40. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Edward Schaller, an individual demands judgement in his favor against Defendant Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION

**(Willful Violation of the FCRA as to Comenity Bank)**

41. Plaintiff incorporates by reference paragraphs 1-26 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

42. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

43. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in reinvestigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

44. Pursuant to the Act, a furnished of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

45. The results of the investigation must be reported to the agency and, if the information reveals that the original information is incomplete or unsubstantiated, the information from a furnisher such as the above listed Defendant must report the results to other agencies which were supplied such information.

46. The Defendant Comenity Bank violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

47. Specifically, Defendant Comenity Bank continued to report this account on the Plaintiff's credit report after being notified of his dispute regarding the inaccurate and misleading account payment status.

48. Had Comenity Bank done a reasonable investigation, it would have been revealed to Comenity Bank that the payment status was being inaccurately reported.

49. As a result of the conduct, action and inaction of the Defendant Comenity Bank, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

50. The conduct, action and inaction of Defendant Comenity Bank was willful, rendering Defendant Comenity Bank liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

51. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Comenity Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Edward Schaller, an individual, demands judgement in his favor against Defendant Comenity Bank for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Comenity Bank)**

52. Plaintiff incorporates by reference paragraphs 1-26 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

53. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

54. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in reinvestigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

55. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

56. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or unsubstantiated, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

57. Defendant Comenity Bank is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

58. After receiving notice of Plaintiff's dispute, Defendant Comenity Bank negligently failed to conduct its reinvestigation in good faith.

59. A reasonable investigation would require a furnisher such as Defendant Comenity Bank to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

60. Had Comenity Bank done a reasonable investigation, it would have been revealed to Comenity Bank that the payment status was being inaccurately reported.

61. The conduct, action and inaction of Defendant Comenity Bank was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

62. As a result of the conduct, action and inaction of Defendant Comenity Bank, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

63. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Comenity Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Edward Schaller, an individual, demands judgement in his favor against Defendant Comenity Bank, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

**DEMAND FOR TRIAL BY JURY**

64. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681(o)(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: May 28, 2021

                                                    /s/ Robert M. Tzall
                                                    Robert M. Tzall
                                                    Contemporary Legal Solutions
                                                    *Attorneys for Plaintiff*